OSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON JOHN CRUMP, <br><br> Defendant. | Case No. 1:22-cr-00169-DCN <br><br> **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** |

The United States, by and through undersigned counsel, respectfully submits this Memorandum in Support of its Motion for Pretrial Detention pursuant to The Bail Reform Act, Title 18, United States Code, Section 3142. As explained herein, the government seeks the continued pretrial detention of defendant Jason John Crump ("Crump") both as a risk of non-appearance and as a danger to the safety of others and the community.

I.  PROCEDURAL BACKGROUND

On August 9, 2022, a Boise grand jury returned a Criminal Indictment charging Crump with the unlawful possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 1**

Crump was already in custody on state charges for aggravated assault, malicious injury to property, and battery on law enforcement. These charges were related to the instant offense and the state dismissed following the Indictment. Crump was brought to federal court via a writ of habeas corpus *ad prosequendum* on August 29, 2022, for an initial appearance. The government moved to for detention and Crump requested a hearing. (Docket No. 7.) Based on the evidence adduced from its investigation to date, the government proffers the following in support of its motion for pretrial detention.

II.     **FACTUAL BACKGROUND**

*Count One*

On January 20, 2022, Crump and his wife (C.H.) were involved in a single car rollover accident in rural Payette County, Idaho. The Payette County Sheriff's Office was called to respond to the accident. Crump, who has a felony conviction from Nevada, was in possession of a Springfield XDS9 9mm pistol. The deputy on scene photographed the firearm and documented the serial number. Following the contact, the pistol was returned to Crump, as he is not prohibited by Idaho state law. Crump is, however, prohibited under federal law.

*Count Two*

On July 4, 2022, law enforcement was dispatched to a call by C.H. stating that Crump broke the windshield and back window of a vehicle that belonged to her mother that was parked at C.H. and Crump's residence in Parma, Idaho. C.H. also told law enforcement that Crump had been firing shots into the air and ground with an AR-15 style rifle. Later, C.H. told officers that Crump fired rounds at her feet and that she was afraid Crump was going to shoot her. Officers responded to the residence. They observed the damage to the vehicle, depicted below.



While on scene, officers heard additional rounds being fired and observed Crump carrying a rifle around. However, due to it being nighttime, officers could not see where Crump was aiming when he fired the gun. The SWAT team was called arrested Crump. While being taken into custody, Crump assaulted an officer by him. Crump was highly intoxicated.



Officers located the firearm that Crump was firing in the bed of a pickup truck. They also recovered two loaded high-capacity magazines that each contained ammunition. Crump has a felony conviction for Theft from Nevada and is prohibited federally from possessing firearms.

The following day, law enforcement learned there were several additional victims that were not interviewed yet. Law enforcement spoke with three juveniles that were present the prior evening when Crump began shooting the firearm. Crump challenged the juveniles to fight and shot the AR15 into the ground by their feet. Crump fired close enough that debris from the

ground struck two of the juvenile individuals. All three juveniles were scared and shaken from the assault.

Crump was charged in state court with aggravated assault, malicious injury to property, and battery on law enforcement. A state court judge issued a no-contact order prohibiting Crump from contacting C.H. On three separate instances following the issuance of that order, Crump called C.H. and counseled her to let C.H.'s mother "be the victim" and to call the prosecuting attorney and tell them that C.H. does not want to prosecute him.

In a separate phone call between Crump and his mother, Crump stated "why in the fuck did I shoot at the cops, was I trying to die?" Crump's mother then stated that the day prior, all Crump kept saying was if the cops come to the house, he was going to shoot them.

*Search Warrant*

On August 22, 2022, law enforcement served a search warrant at Crump's residence in Parma. There, agents seized approximately fifty-five additional firearms, including the firearm charged in Count One of the Indictment. Additional search warrants from Crump's Google and Facebook accounts show Crump in possession of many of these firearms. Agents also located a letter from the Federal Bureau of Investigation to Crump. The letter, dated February 18, 2019, explained to Crump that he is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1).

*Wire Fraud*

The investigation into Crump also examined suspected fraudulent insurance claims he has filed. The search warrant at Crump's residence revealed numerous items Crump previously filed claims for with insurance companies as destroyed personal property. These claims involved Crump swearing, under oath, to the truth of the claims.

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 4**

## III. ARGUMENT

The Bail Reform Act provides that a judicial officer shall detain a defendant pending trial where "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant poses either a danger to the community or a risk of non-appearance and it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government must establish by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant is a risk of non-appearance. *Id.*

In determining whether pretrial detention is appropriate, Section 3142 provides four factors for the Court to consider: (1) the nature and circumstances of the offense charged, including whether the offense charged is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3142(g).

At the detention hearing, the Court may properly rely upon a proffer by counsel in determining a defendant's danger to the community or risk of flight. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("'[T]he government may proceed in a detention hearing by proffer or hearsay."); *see also United States v. Cabrera-Ortigoza*, 196 F.R.D. 571, 575-76 (S.D. Cal. 2000) ("The use of proffers and hearsay evidence are a necessary ingredient to the effective working of the Bail Reform Act, and prevention of a mini trial, or an early discovery expedition further facilitates those goals. Discovery is provided at the appropriate time and in the manner provided for in the Federal Rules and relevant statutes.").

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 5**

### A. Nature and Circumstances of the Offense

Crump, a convicted felon, repeatedly violated federal law by possession firearms. While not required under 18 U.S.C. § 922(g)(1), evidence demonstrates that Crump knew his status as a prohibited possessor as well. Further, the conduct here goes well beyond the unlawful possession of firearms. Crump assaulted four separate victims, his wife and three juveniles, by discharging an AR-15 rifle at them, shooting close enough that debris from the ground struck two of the juveniles. Additionally, Crump smashed the windshield and rear window of the vehicle belonging to C.H.'s mother. Finally, when being apprehended by law enforcement, Crump assaulted an officer. The nature and circumstances of the offense support detention.

### B. Weight of the Evidence

Crump is charged with one count Unlawful Possession of a Firearm and one count Unlawful Possession of a Firearm and Ammunition, all in violation of 18 U.S.C. § 922(g)(1). The evidence establishing his guilt is strong. Officers on two separate occasions observed Crump with a firearm. Furthermore, evidence from Crump's Google and Facebook accounts show him in possession of numerous firearms. Finally, the search warrant at Crump's residence revealed fifty-five firearms, many of which Crump is seen with in photographs.

### C. The Defendant's History and Characteristics Demonstrate the Danger and Risk of Non-Appearance He Poses

Crump has a history that includes convictions for felony theft, possession of controlled substances, driving under the influence (twice), fleeing/eluding officers (twice), and resisting or obstructing officers. Crump also has an arrest for attempted home invasion in Las Vegas, with an unknown disposition. He faces a significant prison sentence if convicted of the current charges. The government calculated his offense level at 30 and his criminal history category at III. This would yield guidelines of 121-151 months after trial. Crump has a strong incentive to flee because of the likelihood of a significant prison sentence if he is convicted. *United States v.*

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 6**

*Townsend*, 897 F.2d at 995 ([F]acing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."). Finally, Crump has previously failed to appear for proceedings in state court on four separate occasions. For all these reasons, Crump poses a significant risk of non-appearance.

> **D.** **The Defendant Poses a Significant Danger to the Community**

Crump's conduct in possessing more than fifty firearms, combined with the assault he perpetrated upon four other individuals demonstrates the danger he poses. This is further supported by the damage he inflicted on the vehicle belonging to his wife's mother. Moreover, Crump made phone calls after his arrest attempting to influence a witness in his pending state case in direct violation of a judge's no contact order. These facts all weigh in favor of detention.

> **E.** **Only Pretrial Detention Will Reasonably Assure the Safety of Others and the Community and the Defendant's Future Appearance**

Even the most stringent of conditions are insufficient to assure the safety of the community or the appearance of Crump given that ultimately, they must rely on Crump's good faith compliance. *See United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (Noting that although the defendant and pretrial services proposed "strict' conditions, "they contain[ed] one critical flaw. In order to be effective, they depend on [the defendant's] good faith compliance."); *see also Tortora*, 922 F.2d 880, 886 (1st Cir. 1990) (concluding that an extensive set of release conditions contained "an Achilles' heel . . . virtually all of them hinge[d] on the defendant's good faith compliance"). In *Tortora*, an alleged member of a prominent mafia family stood trial for crimes under the racketing and organized crime statute. The First Circuit considered the elaborate conditions proposed that would restrict any communications with the defendant's cohorts. Ultimately, the court rejected those conditions, recognizing that "the conditions as a whole are flawed in that their success depends largely on the defendant's good faith-or lack of it. They can be too easily circumvented or manipulated." *Tortora*, 922 F.2d at 886.

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION - 7**

Here, Crump has a history of violating the terms of supervision in three prior criminal cases. Further, within days after his arrest on state charges for the conduct involved in Count Two, Crump directly violated the orders of a judge by contacting C.H. on three separate occasions and counseling her to recant her statement to police. Finally, evidence recovered from Crump's home demonstrates he made false statements under oath to obtain insurance proceeds. Crump's actions demonstrate he will not follow orders of this Court.

IV. **CONCLUSION**

For the reasons stated herein, Crump is a danger to the community and poses a risk of non-appearance. No condition or combination of conditions will reasonably assure the safety of others or his appearance at future proceedings. Accordingly, the government respectfully requests that the Court order Crump detained pending trial.

Dated this 30th day of August, 2022.

> JOSHUA D. HURWIT
> UNITED STATES ATTORNEY
> By:
>
> */s/ Francis J. Zebari*
> FRANCIS J. ZEBARI
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2022, the foregoing **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Miles Pope<br>Federal Defender Services of Idaho Inc.<br>702 W. Idaho St, Suite 1000<br>Boise, ID 83702<br>Miles_Pope@fd.org | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ E-mail |

                                          */s/ Wendy Wheeler*
                                          Legal Assistant