Nicole Owens
FEDERAL PUBLIC DEFENDER
Heidi Johnson
Assistant Federal Defender
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho, Ste. 1000
Boise, Idaho 83702
Telephone:   (208) 331-5500
Facsimile:    (208) 331-5525

Attorneys for Defendant
JASON JOHN CRUMP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE DAVID C. NYE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JASON JOHN CRUMP,<br><br>　　　　Defendant. | 1:22-cr-00169-DCN<br><br>**Motion to dismiss the indictment because Mr. Crump's civil rights were restored** |

**Introduction**

The indictment must be dismissed because, under federal law, Jason Crump is permitted to possess firearms.

In 2005, Mr. Crump was convicted of a non-violent property crime. He paid his debt to society and in 2009, Nevada issued to him an "Honorable Discharge From Parole With Restoration of Civil Rights" (the "Discharge Order"). The Discharge Order advised him that he was absolved of "further liability under his sentence" and

-1-

enumerated the dates on which his core civil rights—the right to vote, serve on a jury, and take public office—would be automatically restored. What the document did *not* include was any advisement to Mr. Crump that his right to bear arms remained restricted.

Under federal firearms law, that omission is determinative and means that Mr. Crump's federal gun rights *were* restored. That is because federal law provides that "any conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter unless such . . . restoration of civil rights expressly provides that the person may not ship, transport or possess, or receive firearms." 18 U.S.C. § 921(a)(20).

In light of § 921(a)(20), Nevada's Discharge Order requires the Court to dismiss the felon-in-possession charges against Mr. Crump. Nevada, through the Discharge Order, told Mr. Crump that his civil rights were restored. It did not "expressly" tell him that his right to possess firearms remained restricted. 18 U.S.C. § 921(a)(20). That means, quite simply, that Mr. Crump does not currently have a conviction that prohibits him from possessing firearms under federal law.

**Background**

In 2005, in Clark County, Nevada, Mr. Crump was convicted through guilty plea of possession of stolen property. He eventually spent approximately a year and a half in prison, and then was paroled. Mr. Crump completed his period of parole in full compliance with all terms.

At the conclusion of his parole term, on July 13, 2009, the Nevada Division of Parole and Probation sent him the Discharge Order. Ex. A. Its heading plainly identifies the import of document:

## HONORABLE DISCHARGE FROM PAROLE
## With Restoration of Civil Rights

*Id.* The Discharge Order states that Mr. Crump was "discharge[d] from parole and further liability under his sentence." It identifies the date that certain civil rights were returned to Mr. Crump, with no preconditions other than the passage of time: His right to vote and serve on a civil jury as of the date of the order (July 13, 2009), his right to hold office in four years (i.e., July 13, 2013), and his right to serve on a criminal jury in six years (i.e., July 13, 2015). *Id.* The Restoration Order does not advise Mr. Crump of any continuing restriction on his Second Amendment right to bear arms.

On August 9, 2022, the Government obtained the Indictment, which alleges that Mr. Crump possessed firearms on January 20, 2022 and July 4, 2022. ECF No. 1. The Indictment alleges that Mr. Crump is a prohibited possessor under 18 U.S.C. § 922(g)(1) by virtue of his 2005 Nevada conviction. *Id.*

Inside Mr. Crump's house, federal law enforcement officers executing a search warrant related to this case found a copy of the Discharge Order.[1]

/ / /

---

[1] This is reflected in a discovery index provided by the Government, which identifies certain bates stamped items—inclusive of the Restoration Order—as documents found in the house.

## Argument

**A. Prior convictions do not qualify as felonies for federal firearms law purposes if they have been 1) expunged, 2) set aside, 3) the subject of a pardon, or 4) the individual "has had civil rights restored."**

Mr. Crump is not a federally prohibited possessor of firearms. The term "convicted . .. of [] a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), is a "term of art," that does not encompass certain individuals with felonies on their records. *United States v. Herron*, 45 F.3d 340, 341 (9th Cir. 1995). The carve-outs for these individuals is set forth in 18 U.S.C. § 921(a)(20):

> *Any conviction* which has been expunged, or set aside or *for which a person* has been pardoned or *has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such* pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

(emphasis added).

Section 921(a)(20) provides four carve-outs to the general rule that folks convicted of felonies cannot possess firearms: notwithstanding a felony conviction on your record, you can possess a firearm under § 921(a)(20) if 1) your conviction has been expunged, 2) your conviction has been set aside, 3) you have received a pardon, or 4) you have "had civil rights restored."

This Court—rather than a jury—is responsible for determining whether the Indictment is valid in light of § 921(a)(20). *United States v. Akins*, 276 F.3d 1141, 1146 (9th Cir. 2002) (question of whether § 921(a)(20)'s restoration exception requires dismissal of charges "is a question of law to be decided by the trial judge") (overruled in part on other grounds by *Iowa v. Tovar*, 541 U.S. 77).

### B. Mr. Crump had his civil rights restored following his Nevada possession of stolen property conviction.

Mr. Crump is not a felon because—after he successfully completed parole on his stolen property conviction—he received the Discharge Order restoring his civil rights.

The Ninth Circuit sets out two distinct tests for whether state law serves to restore a person's civil rights. Where the state restores civil rights by operation of law, the court must "'look to the whole of state law'" to determine if the restoration of rights is "substantial." *Herron*, 45 F.3d at 342 (quoting *United States v. Gomez*, 911 F.2d 219, 220 (9th Cir. 1990)).

In contrast, where the restoration instrument is by a "certificate or order" issued to the individual—as is the case here—the court looks only to the restoration document. *Herron*, 45 F.3d at 342. A restoration document qualifies as a "restoration of civil rights" unless it contains "qualifications which would make the restoration less than substantial." *Id.* at 343.

In this second context, it is irrelevant whether other provisions of state law—not referenced in the restoration order—purport to restrict a felon's civil rights or the right to bear arms. "[T]he federal statute makes these state statutory qualifications irrelevant as a matter of law." *Herron*, 45 F.3d at 342. This interpretation of § 921(a)(20) is animated by the Due Process clause: When a state issues a document informing a felon that their rights are restored—with no caveat as to the right to bear arms—it would not be fair for "the federal government [to] convict on the basis that the state misinformed him." *Id.* at 342.

Mr. Crump is not a federally prohibited possessor under this standard. In 2009 he was issued the Discharge Order. The document told him—in bold print—that his discharge was with "restoration of civil rights" and that "he was relieved of "further liability under his sentence." It stated that his right to vote and serve as a juror in civil matters was immediately restored. It also set out that his right to hold office would be restored in four years, and his right to serve as a juror in a criminal action would be restored in six years. Mr. Crump was not required to make any application or take any additional step to enjoy the automatic restoration of these rights.

The Discharge Order constitutes as a "restoration of civil rights" under 18 U.S.C. § 921(a)(20) because it informed Mr. Crump that all of his core civil rights would be restored.[2] "[A] defendant who ha[s] been restored the right to vote, hold public office, and serve on a jury ha[s] had his rights substantially restored within the meaning of § 921(a)(20)." *United States v. Andaverde*, 64 F.3d 1305, 1309 (9th Cir. 1995) (discussing *United States v. Dahms*, 938 F.2d 131, 134 (9th Cir.1991)); *see*

---

[2] The Government's response to this motion may invoke *Jennings v. Mukasey*, 511 F.3d 894 (9th Cir. 2007). *Jennings* turns upon what qualifies as an "expungement" for purposes of federal firearms law. *Id.* at 898. (Recall that under § 921(a)(20), expungement is one of the four processes—along with "restoration of civil rights"— that can invalidate a state conviction for purposes of federal firearm disabilities). *Jennings* held that a California state court "Order Expunging [Jennings' MCDV] Conviction Nunc Pro Tunc to October 18, 1987" and invoking a particular state statute did not in fact qualify as an expungement because California recognizes that its statutory provision does not actually "'render the conviction a legal nullity'" in any meaningful way. *Id.* (quoting *People v. Frawley*, 82 Cal. App. 4th 784, 791–92 (Cal. Ct. App. 2000). Mr. Crump does not contend that the Discharge Order is an expungement and *Jennings* does not speak to the pertinent issue here: i.e., whether the Restoration Order amounts to a substantial restoration of civil rights. *See Herron*, 45 F.3d at 343.

*also United States v. Meza-Corrales*, 183 F.3d 1116, 1129 n.4 (9th Cir. 1999) (holding that restoration of "three core civil rights-the right to vote, the right to hold public office, and the right to serve as a juror" "clearly constituted a substantial restoration of Bridge's civil rights"). The Discharge Order restored all of these core rights to Mr. Crump as of July 13, 2015, without any other preconditions.

When a felon's civil rights are restored by a discharge document, they cannot be guilty of a federal crime unless "such . . . restoration of civil rights *expressly provides* that the person *may not* [possess] firearms." 18 U.S.C. § 920(a)(20) (emphasis added). In this respect, "[a]pplication of § 921(a)(20) . . . is relatively straightforward." *United States v. Gallaher*, 275 F.3d 784, 791 (9th Cir. 2001). The court simply "look[s] at the restoration certificate (or other mode of civil rights restoration to see if it contains an express firearm prohibition." *Id.* If it does not, the conviction cannot be used to for purposes of federal firearms restriction. *Id.*

Here, as in *Herron*, the Discharge Order "does not expressly provide for firearms restrictions." 45 F.3d at 339. That is "the end of the [Government's] case." *Id.*

## Conclusion

By virtue of the Discharge Order, Mr. Crump is permitted under federal law to possess firearms. Because he is not a prohibited person, the charges must be dismissed.

Dated: September 26, 2022		NICOLE OWENS
					FEDERAL PUBLIC DEFENDER
					By:


					/s/ Heidi Johnson
					Heidi Johnson
					Assistant Federal Defender
					Federal Defender Services of Idaho
					Attorneys for Defendant
					JASON JOHN CRUMP

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 26th day of September, 2022.

| | |
|---|---|
| Francis Zebari, Assistant United States Attorney<br>Office of the United States Attorney<br>1290 West Myrtle Street, Suite 500<br>Boise, ID 83702<br>(208) 334-1211<br>(208) 334-1413 – Facsimile<br>Frank.Zebari@usdoj.gov | ____United States Mail<br>____Hand Delivery<br>____Facsimile Transmission<br>_X_ CM/ECF Filing<br>____Email Transmission |

Dated: September 26, 2022        /s/ Thad Blank
                                 Thad Blank